UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF TRANSPORTATION,<br>1200 New Jersey Avenue SE<br>Washington, DC 20590<br><br>U.S. GENERAL SERVICES<br>ADMINISTRATION,<br>1800 F Street NW<br>Washington, DC 20405<br><br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY,<br>245 Murray Lane SW<br>Washington, DC 20528<br><br>and<br><br>U.S. CITIZENSHIP AND<br>IMMIGRATION SERVICES,<br>20 Massachusetts Avenue NW<br>Washington, DC 20529-2120<br><br>*Defendants*. | Case No. 24-3411 |

## **COMPLAINT**

1. Plaintiff American Oversight brings this action against four federal agencies under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment

Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendants from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5. Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and requests for public records under FOIA, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Department of Transportation (DOT) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of

the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOT has possession, custody, and control of records that American Oversight seeks.

7. Defendant U.S. General Services Administration (GSA) is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Washington, D.C. GSA has possession, custody, and control of records that American Oversight seeks.

8. Defendant U.S. Department of Homeland Security (DHS) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DHS has possession, custody, and control of records that American Oversight seeks.

9. Defendant U.S. Citizenship and Immigration Services (USCIS) is a component of DHS, which is a department of the executive branch of the U.S. government, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). USCIS is headquartered in Maryland. USCIS has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

10. In July and October 2024, American Oversight submitted FOIA requests to multiple government agencies seeking the following:

> All records reflecting any officials(s) [sic] with the authority to (a) initiate or (b) implement a Reduction in Force (RIF) or your agency's equivalent within your agency, including, but not limited to, Personnel Delegation documents or memoranda concerning policies and procedures for RIFs.
>
> Please provide all responsive records that were or are in effect at any time from October 1, 2020 through the date a search is conducted, regardless of when they were created or implemented.

*DOT RIFs FOIA*

11. On October 28, 2024, American Oversight submitted a FOIA request (internal tracking number DOT-24-1626) to DOT seeking the above-described records.

12. On October 31, 2024, DOT acknowledged receipt of the request and assigned the request tracking number 2025-FOIA-00493.

13. American Oversight has received no further communication from DOT regarding its FOIA request.

*GSA RIFs FOIA*

14. On October 29, 2024, American Oversight submitted a FOIA request (internal tracking number GSA-24-1633) to GSA seeking the above-described records.

15. On October 30, 2024, GSA acknowledged receipt of the request and assigned the request tracking number 2025-FOI-00157.

16. On October 31, 2024, GSA again confirmed receipt and stated that American Oversight's request had "been assigned to the Simple track."

17. American Oversight has received no further communication from GSA regarding its FOIA request.

*USCIS RIFs FOIA*

18. On July 30, 2024, American Oversight submitted a FOIA request (internal tracking number USCIS-24-1629) to USCIS seeking the above-described records.

19. On July 31, 2024, USCIS acknowledged receipt of the request, assigned the request tracking number COW2024005678, and stated that that the request had "been placed in the complex track[.]"

20. American Oversight has received no further communication from USCIS regarding its FOIA request.

*Exhaustion of Administrative Remedies*

21. As of the date of this Complaint, the Defendants have failed to either (a) notify American Oversight of any determination regarding its FOIA requests, including the scope of any responsive records the agency intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

22. Through Defendants' failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has exhausted its administrative remedies and now seeks immediate judicial review.

### COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

23. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

24. American Oversight properly requested records within the possession, custody, and control of Defendants.

25. Defendants are agencies subject to and within the meaning of FOIA, and they must therefore make reasonable efforts to search for requested records.

26. Defendants have failed to promptly and adequately search for records responsive to American Oversight's FOIA requests.

27. Defendants' failures to conduct adequate searches for responsive records violate FOIA.

28. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA requests.

### COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

29. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

30. American Oversight properly requested records within the possession, custody, and control of Defendants.

31. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA requests.

32. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

33. Defendants' failure to provide all non-exempt responsive records violates FOIA.

34. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

### REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests;

(2) Order Defendants to produce, within 20 days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests with indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated:  December 6, 2024

Respectfully submitted,

*/s/ David Kronig*
David Kronig
D.C. Bar No. 1030649
Emma Lewis
D.C. Bar No. 144574

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-3915
david.kronig@americanoversight.org
*Counsel for Plaintiff*